UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
ZEWEE MPALA,                           :

         Plaintiff,                    :

    vs.                                :    No. 3:13cv252(WIG)

JOSEPH FURANO, et al.,                 :

         Defendants.                   :
-------------------------------------------------X
```

## RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c), Fed. R. Civ. P., Defendants have moved for judgment on the pleadings [Doc. # 18], contending that Plaintiff can prove no set of facts that would entitle him to relief. They assert that both of Plaintiff's causes of action, for malicious prosecution and false arrest, require a finding of a lack of probable cause. Based on the transcript of the state court hearing in which Plaintiff's court-appointed public defender stipulated to probable cause for Plaintiff's arrest, Defendants argue that both of Plaintiff's claims must fail as a matter of law. Plaintiff does not dispute that a lack of probable cause is a requirement of both causes of action, but responds that Defendants' motion is premature. Rather, Plaintiff insists that, because he was not present when this statement was made, he should be allowed discovery of the public defender and the prosecutor to ascertain the circumstances under which this stipulation was made, whether this statement was within the scope of the public defender's agency as Plaintiff's court-appointed lawyer, and whether he had actual or apparent authority to make this representation.

In ruling on a motion for judgment on the pleadings, as with a Rule 12(b)(6) motion, the Court must accept as true all allegations of Plaintiff's complaint and draw all inferences in favor of Plaintiff, as the non-moving party. *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998). The

Court will grant the motion only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

Here, Plaintiff has alleged facts from which a reasonable fact-finder could conclude that his arrest and prosecution were without probable cause. However, his court-appointed public defender stipulated to probable cause for the arrest during the state court proceedings in which the charges against him were nolled.[1]  The colloquy went as follows:

> State Att'y Danielowski: The State will enter nolles on both files.
>
> Court: All right.  Perhaps next time we could arrest him under his correct name if –
>
> Public Defender Richards: Move for dismissals, please, on both files.
>
> State Att'y Danielowski: No objection with a stipulation of probable cause but he's [referring to Plaintiff] not here to stipulate.
>
> Public Defender Richards: I can stipulate, can't I?
>
> State Att'y Danielowski: Go ahead.
>
> Court: You can.
>
> Public Defender Richards: Defense will stipulate to probable cause for the arrest, both filed.
>
> Court: Case dismissed.

Transcript of Record at 4-5, *State of Connecticut v. David Impala a/k/a David Gethers* (Conn. Super. Ct. Apr. 6, 2011)(No. N23N-CR100109403S).

As Defendants correctly observe, while the Court's review is normally limited to the facts asserted within the four corners of the complaint and documents attached thereto or incorporated

---

[1] "Nolled" is a short-hand term for *nolle prosequi*, a unilateral act by the prosecutor that ends the pending proceedings without an acquittal and without placing the defendant in jeopardy. *Cislo v. City of Shelton*, 240 Conn. 590, 599 n.9 (1997).

therein by reference, the Court may also consider matters of which judicial notice may be taken. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). Defendants argue that the Court can take judicial notice of this transcript as a public record. That may be true, *see Rodriguez v. Patterson*, No. 3:04cv25, 2006 WL 1272620, at *2 (D. Conn. Apr. 5, 2006), but the more critical issue is whether Plaintiff, who was not present during this hearing, is bound by the stipulation of his court-appointed public defender. Generally, a client is bound by the acts and omissions of his attorney. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993). However, there are exceptions to this general rule. *See generally* 7A C.J.S. *Attorney & Client* § 222 (2013). The ultimate resolution of that issue is a question of law, but may depend on facts that cannot be ascertained from this transcript and that may have to be developed through discovery.

Accordingly, the Court DENIES Defendants' Motion for Judgment on the Pleadings.[2] The Court would encourage counsel to initially engage in discovery limited to this issue, which may be dispositive of this case.

SO ORDERED, this ___17th___ day of October, 2013, at Bridgeport, Connecticut.

        /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States Magistrate Judge

---

[2] Defendants have filed a second Motion for Judgment [Doc. # 25], which asks the Court to exercise its discretion and grant the original motion based upon Plaintiff's untimely failure to respond. *See* D. Conn. L. Civ. R. 7(a) (providing that "[f]ailure to submit a memorandum in opposition to a motion *may* be deemed sufficient cause to grant the motion")(emphasis added). This second motion was filed the day after Plaintiff's response was due. The following day, Plaintiff filed his response. While the Court does not condone untimely responses, given the Court's preference for deciding cases on the merits and the minimal tardiness of Plaintiff's opposition, the Court DENIES this second Motion for Judgment [Doc. # 25].