UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
ZEWEE MPALA,                           :

        Plaintiff,                     :

    vs.                                :   No. 3:13cv252(WIG)

JOSEPH FURANO, et al.,                 :

        Defendants.                    :
-------------------------------------------------X
```

RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION  [Doc. # 30]

Defendants seek reconsideration of the Court's denial of their motion for judgment on the pleadings based upon the Court's having improperly relied on matters outside the pleadings, namely Plaintiff's "idle speculation" that there may be circumstances under which he would not be bound by the Public Defender's stipulation of probable cause.  Contrary to Defendants' supposition, the Court relied only upon the transcript of the state court proceeding, which demonstrated that Plaintiff was not present at the time of this stipulation.  In fact, the Public Defender even questioned whether he could enter a stipulation for Plaintiff.

The second ground asserted by Defendants for reconsideration simply rehashes the argument previously raised in their motion for judgment on the pleadings and is an improper basis for reconsideration.  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a motion for reconsideration should not be used to relitigate an issue already decided).

The third ground raised by Defendants - that the Court's decision sets a dangerous precedent for criminal defendants seeking to initiate civil proceedings based upon criminal charges levied against them - overlooks the fact that the Court was not ruling on the merits of

1

Plaintiff's case.  It was ruling on a motion for judgment on the pleadings.  A motion for judgment on the pleadings will be granted *only if, after accepting as true all allegations of the plaintiff's complaint and drawing all reasonable inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998).  Given this strict standard, the Court concluded that Defendants were not entitled to judgment on the pleadings.

In sum, defense counsel chose simply to repeat his arguments, albeit with added petulance, rather than provide some actual law for the proposition that a lawyer's stipulation of probable cause in the absence of his client, under any circumstances, definitively establishes that probable cause existed at the time of the arrest.  If, for example, the client's lack of consent and even knowledge of the stipulation are irrelevant, defense counsel has not shown that.  Given that failure, the Court cannot grant the motion for judgment on the pleadings, and will not grant the motion for reconsideration.

Accordingly, the Court DENIES Defendants' Motion for Reconsideration [Doc. # 30].

SO ORDERED, this __4th__ day of December, 2013, at Bridgeport, Connecticut.

    /s/ *William I. Garfinkel*
    WILLIAM I. GARFINKEL
    United States Magistrate Judge