```
           UNITED STATES DISTRICT COURT
             DISTRICT OF CONNECTICUT
```

**ZEWEE MPALA**
    – **PLAINTIFF**

                                        **CIVIL NO. 3:13-cv-252(WIG)**

**JOSEPH FUNARO, M. PITONIAK,
S.KLOSTCHE and E. RAPUANO**
    - **DEFENDANTS**


### RULING ON DEFENDANTS' MOTION TO COMPEL
### AND/OR FOR JUDGMENT ON THE PLEADINGS


Pursuant to Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 37, the defendants in this case move to compel the plaintiff, Zewee Mpala, to be "deemed" to have waived the attorney-client privilege concerning communications that he has had with public defender Michael Richards [Doc. #18]. In the alternative, defendants move pursuant to Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings. For the reasons set forth below, the defendant's motion to compel and/or for judgment on the pleadings is **DENIED**.

I.  Motion To Compel

The defendants move to compel the plaintiff to be "deemed" to have waived the attorney-client privilege regarding communications with his former attorney. Defendants argue that the plaintiff has expressly and implicitly waived the attorney-client privilege, principally through his actions and comments during plaintiff's deposition.

In addition to an express waiver of the attorney-client privilege, the defense also argues that the plaintiff has waived the attorney-client privilege implicitly by placing the privileged communication at issue. Defendants assert that by placing the validity of the public defender's stipulation at issue, the plaintiff has waived the attorney-client privilege. Further, the defendants focus on a statement made by the plaintiff in his opposing papers:

> [i]n this case, since the defendants apparently intend to rely on the public defender's 'stipulation"- of which the plaintiff had no knowledge whatsoever until the defendants produced the transcript- it obviously will be necessary to depose the public defender and the prosecutor to ascertain the circumstances under which these events took place and whether the statement by the public defender was within the scope of his agency as the defendant's court-appointed lawyer and whether he had either real or apparent authority to say it.

See Dkt. #39. As the plaintiff's claims for malicious prosecution and false arrest both require an element of

probable cause, it is argued by the defendants that, because of the stipulation to probable cause, the plaintiff can prove no set of facts in support of his claim. <u>See</u> Dkt. #18. Consequently, it is reasoned by the defendants that the plaintiff has put the communications between the plaintiff and his public defender at issue, and therefore implicitly waived the attorney-client privilege.

A party may move to compel pursuant to Federal Rule of Civil Procedure 37(a). Under this rule, "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the persons or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P.37.

Not all information, however, is discoverable. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The party asserting such a privilege, including the attorney-client privilege, bears the burden of proving all essential elements of the privilege. <u>In re Horowitz</u>, 482 F.2d 72, 82 (2d Cir. 1973). Under Rule 501 of the Federal Rules of Evidence, "in a civil case, state law governs

privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. As such, Connecticut law will be applied in regards to the issue of attorney-client privilege in this case.

As recognized by the Connecticut Supreme Court, the attorney-client privilege was created to:

> encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observation of law and the administration of justice…Exceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential communications.

<u>Hardison v. Comm'r of Correction</u>, 152 Conn.App. 410, 418-19, 98 A.3d 873, 879 (2014). The importance of the attorney-client privilege is so great because professional assistance would be of, "little or no avail to the client unless his legal advisers were put into possession of all the facts relating to the subject matter of inquiry or litigation…[a]nd it is equally obvious that there would be an end to all confidence between the client and the attorney, if the latter was at liberty or compellable to disclose the facts of which he had thus obtained." <u>Cox v. Burdwick</u>, 98 Conn.App. 167, 171072, 907 A.2d 1282, 1286 (2006). Further, it is, "important not to weaken the privilege with various exceptions because, as the United States Supreme Court has explained, even the threat of disclosure would have a detrimental effect on attorneys' ability to advocate for

their clients while preserving their ethical duty of confidentiality." Metro. Life Ins. Co. v. Aetna Cas. & Sur.Co., 249 Conn. 36, 48-49, 730 A.2d 51, 58 (1999).

Given the importance of the attorney-client privilege, the privilege can be implicitly waived only when the holder of the privilege has placed the privileged communication at issue. Hardison v. Comm'r of Correction, 152 Conn.App. 410, 418-19, 98 A.3d 873, 879 (2014). Such an exception can be invoked only when, "the contents of the legal advice is integral to the outcome of the legal claims of the action". Id. Further, the content of the communication is put directly at issue when the issue cannot be determined without an examination of that advice. Id.

Put another way, if the information contained in the privileged communication is truly required for a resolution of the issue, the party must either waive the attorney-client privilege as to that information, or be precluded from using the privileged information to establish the elements of the case. Cox v. Burdick, 98 Conn.App. 167, 173, 907 A,2d 1282, 1287 (2006), see also Remington Arms Co. v. Liberty Mutl. Ins. Co., 142 F.R.D. 408, 414-15 (D.Del. 1992), and Metro. Life Ins. Co. v. Aetna Cas. & Sur. Co., 249 Conn. 36, 52-54, 730 A.2d 51, 60-61 (1999). The mere fact that a communication is relevant does not place it at issue. Metro. Life Ins. Co. v. Aetna Cas. & Sur.

Co., 249 Conn. 36, 52-54, 730 A.2d 51, 60-61 (1999)(where it was found that privileged documents are not at issue when the *plaintiff* is not relying on the privileged information to prove that the settlement was reasonable). Additionally, if a party fails to allow pre-trial discovery of a confidential matter, the party will be precluded from introducing that evidence. Remington Arms Co. v. Liberty Mutl. Ins. Co., 142 F.R.D. 408, 414-15 (D.Del. 1992).

Of interest in this matter is the fact that the mere finding of a waiver of an attorney client privilege does not necessarily require that the information of concern be divulged to the opposing party. This logic is supported by a Connecticut Supreme court case where, even though the court found there to be a waiver of the attorney-client privilege, the court asserted that the attorney, "must either testify as to the issues raised, or the defendant will be precluded from utilizing that information in support of her defense to enforcement of the stipulation." Ziskind v. Ziskind, No. KNOFA094110624, 2012 WL 527611m at *1 (Conn. Super. Ct. Jan. 9, 2012).

In this case, it is unclear if the plaintiff has expressly waived the attorney-client privilege. Defendants cite a deposition transcript to support their argument; however, the transcript is ambiguous as to the express waiver of the privilege. The transcript shows little more than a fleeting

communication between the Plaintiff and his counsel, where counsel simply states, "You can waive it. If you want to waive all your privilege, you can". Deposition of Zeewee Mpala at 15 See Dkt. # 38. As such, the court finds that there is no express waiver of the attorney-client privilege.

As to the implicit waiver of the attorney client privilege, the defendants' argument has significantly more weight. The consequences of plaintiff's initial stipulation to probable cause cannot be overlooked. The plaintiff's claims for malicious prosecution and false arrest both require an element of probable cause. See Roberts v. Bakiewicz, 582 F.3d 418, 420 (2d Cir. 2009). It then follows, that if the stipulation of probable cause made by plaintiff's court-appointed public defender is valid, then the plaintiff cannot prove any set of facts that would entitle him to relief.

What is at issue then, is whether or not the Plaintiff is bound by the stipulation to probable cause that his attorney made. As recognized by Judge Garfinkel, "the ultimate resolution of that issue is a question of law, but may depend on facts…that may have to be developed through discovery." See Dkt. #29. Therefore, the stipulation as to probable cause has been put directly at issue, and consequently the circumstances leading up to the stipulation. It is then conceivable that protected attorney-client communications in regards to this matter may be

required for resolution of the issue. A party must either waive the attorney-client privilege as to information, or it will be precluded from using the information to establish the elements of the case. Defendant's motion to compel the plaintiff to be "deemed" to have waived the attorney-client privilege regarding communications with his former attorney is **DENIED** on this record.

## II. Motion for judgment on the pleadings

Defendants again have moved for a judgment on the pleadings. The court has previously denied this motion on two separate occasions. There has been no significant change in the circumstances that would warrant granting the motion now.

When ruling on a motion for judgment on the pleadings, the Court employs, "the same standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6)". Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir.2009). "Thus we will accept all factual allegations in the complaint as true and draw all reasonable inferences in the [plaintiff's] favor". Id. While looking at the case in this light, a complaint will survive a motion for judgment on the pleadings if the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)

Again, in this case, the plaintiff has alleged sufficient facts upon which a reasonable fact-finder could conclude that his arrest and prosecution were without probable cause, and therefore find in favor of the plaintiff. The defendants assert that they have followed the direction of the court in attempting to conduct additional discovery in order to confirm that the plaintiff was bound by his attorney's stipulation to probable cause. See Dkt. #38.  While the court has previously encouraged counsel to engage in discovery aimed at shedding light onto whether or not the plaintiff was bound by the stipulation of his court-appointed public defender, this suggestion for discovery was not limited solely to the deposition of that public defender. See Dkt. 29. As the situation has not changed, the plaintiff continues to allege facts sufficient enough to overcome a motion for judgment on the pleadings. Defendant's alternative motion for judgment on the pleadings is therefore **DENIED**. The motion to compel is also **DENIED**.

**Dated at Hartford, Connecticut this __5th___ day of December, 2014.**

/S/ Thomas P. Smith_____
Thomas P. Smith
United States Magistrate Judge