```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
ZEWEE MPALA                   :    Civ. No. 3:13CV00252(SALM)
                              :
v.                            :
                              :
JOSEPH FUNARO, M. PITONIAK,   :    November 19, 2015
S. KLOSTCHE AND E. RAPUANO    :
                              :
------------------------------x
```

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Zewee Mpala ("Mpala"), brings this action against defendants Joseph Funaro, Martin Pitoniak, Eric Rapuano, and Ernest Klostche, alleging that the defendants violated his rights under the Fourth Amendment to the United States Constitution as enforced through 42 U.S.C. §§ 1983 and 1988. Specifically, Mpala asserts claims of malicious prosecution and false arrest. On August 27, 2013, the action against Ernest Klostche was dismissed. [Doc. # 17]

Pursuant to Federal Rule of Civil Procedure 56(a), the remaining defendants, Joseph Funaro, Martin Pitoniak and Eric Rapuano, move for summary judgment on plaintiff's claims. [Doc. # 56] For the reasons set forth below, the defendants' motion is **GRANTED**.

**I.   Procedural History**

Mpala was arrested by the defendants, all officers of the Yale Police Department, in the Yale Law School building at

1

approximately 10:45 a.m. on March 6, 2010. [Doc. #57 at 2; Doc. #60-1 at 1; Doc. #59 at ¶ 3] Mpala was charged with two offenses under Connecticut law: criminal trespass in the second degree, in violation of Conn. Gen. Stat. § 53a-108, and interfering with an officer, in violation of Conn. Gen. Stat. § 53a-167a. [Complaint ¶ 10] These charges were heard in Superior Court on April 6, 2011, together with a separate charge of trespassing arising out of Mpala's arrest on Yale property in September 2010.[1] [Doc. # 58-2]

At the April 6, 2011, hearing, the State agreed to "enter nolles on both files." [Doc. # 58-2, Tr. 3:23-24] Attorney Michael Richards, who was the attorney representing Mpala, moved for the cases to be dismissed with prejudice rather than nolled. Id. 2:27-3:1. The State agreed, on the condition that Mpala stipulate to the presence of probable cause for the arrests. Id. 3:2-4. After some discussion amongst counsel and the Court, all parties agreed that such a stipulation could be entered on Mpala's behalf by his attorney without Mpala's physical presence. Id. 3:5-10. The stipulation was entered, and the cases were dismissed with prejudice. Id.

---

[1] Mpala filed a separate suit in this Court alleging that the September 2010 arrest was unlawful. See Mpala v. Sires, 3:13CV01226(AVC). As will be discussed further below, summary judgment has been granted in favor of the defendant in that matter. See id., Doc. # 37.

2

On February 25, 2013, Mpala filed the instant action alleging causes of action under 42 U.S.C. §§ 1983 and 1988 for malicious prosecution and false arrest. [Doc. # 1] Mpala filed a motion to dismiss claims against defendant Klostche on August 25, 2013, which was granted by Judge Michael P. Shea on August 27, 2013. [Doc. ## 16, 17] On September 12, 2013, the defendants filed a Motion for Judgment on the pleadings. [Doc. # 18] A Notice, Consent, and Reference of a Civil Action to a Magistrate Judge was filed by all parties on October 3, 2013, and the case was reassigned to Judge William I. Garfinkel. [Doc. # 24] Judge Garfinkel denied the defendants' pending motion on October 15, 2013. [Doc. # 29]

The defendants subsequently filed a Motion for Reconsideration on October 31, 2013, which was denied on December 4, 2013. [Doc. ## 30, 33] A Motion to Compel and/or for Judgment on the Pleadings was filed on May 29, 2014, by the defendants. [Doc. #38] The case was transferred to Judge Thomas P. Smith for all further proceedings on July 28, 2014, and on December 5, 2014, Judge Smith denied defendants' pending motion. [Doc. ## 48, 49] The defendants then filed a motion for reconsideration on December 19, 2014, which was denied on February 23, 2015. [Doc. ## 51, 55] The defendants filed the Motion for Summary Judgment addressed herein on May 21, 2015. [Doc. # 56] The case was transferred to the undersigned on June

3

30, 2015, upon the retirement of Judge Smith. [Doc. # 62] New counsel appeared for Mpala on July 31, 2015, and oral argument on this motion was conducted before the Court on October 30, 2015. [Doc. ## 63, 64]

I.  **Legal Standard**

> The standards governing summary judgment are well-settled. Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)[.]

Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). Summary judgment is proper if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." Marvel Characters, Inc., 310 F.3d at 286. The moving party may discharge this burden by "pointing out to the district court ... that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied

4

if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. Mar. of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

In deciding a motion for summary judgment, "a Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor." World Trade Ctr. Prop., L.L.C. v. Hartford Fire Ins. Co., 345 F.3d 154, 166 (2d Cir. 2003). "If there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006) (internal quotation marks and citation omitted).

**II. Discussion**

   **A.   Elements of the Claims: False Arrest and Malicious Prosecution**

In analyzing claims of false arrest, the Second Circuit has "generally looked to the law of the state in which the arrest occurred." Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir. 2007) (internal quotation marks and citation omitted). "In Connecticut, false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another. Under Connecticut law, the existence of probable cause

is fatal to claims of false arrest." Spencer v. Connecticut, 560 F. Supp. 2d 153, 162 (D. Conn. 2008) (internal citations and quotation marks omitted). "In a false arrest action, Connecticut law places the burden of proving an unlawful arrest on the plaintiff. And, in Connecticut, a false arrest claim cannot lie when the challenged arrest was supported by probable cause." Russo, 479 F.3d at 203 (internal citations omitted).

A plaintiff asserting a claim of malicious prosecution under 42 U.S.C. § 1983 must show not only a violation of his rights under the Fourth Amendment, but also the elements of a malicious prosecution claim under state law. Roberts v. Babkiewicz, 582 F.3d 418, 420 (2d Cir. 2009). The elements of a malicious prosecution claim under Connecticut law are well-established:

> An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice[.]

Nodoushani v. S. Conn. State Univ., 95 A.3d 1248, 1255 (Conn. App. 2014) (internal quotation marks and citation omitted).

Thus, "[u]nder Connecticut law, the existence of probable cause is fatal both to claims of false arrest and malicious

6

prosecution." Simonetti v. City of Bridgeport, No. 3:04CV1732, 2006 WL 3098764, at *4 (D. Conn. Oct. 31, 2006); see also Weinstock v. Wilk, 296 F. Supp. 2d 241, 247-48 (D. Conn. 2003). The defendants assert that the undisputed evidence establishes that Mpala cannot prove a lack of probable cause for his arrest, and that each of his claims therefore lacks an essential element.

B. **Stipulation to Probable Cause**

It is uncontested that at the April 6, 2011, hearing in Superior Court, Attorney Richards stipulated to probable cause for the arrests at issue in this case on behalf of his client, Mpala. [Doc. # 59, ¶¶ 8, 9, 10; Doc. # 60-1 ¶¶ 8, 9, 10] A transcript of proceedings in the Superior Court has been filed reflecting this stipulation. Mpala was present in the courthouse at the time, but was not in the courtroom. [Doc. # 59, ¶ 11; Doc. # 60-1 ¶ 11]

The defendants argue that because Mpala's attorney stipulated to probable cause for the arrests, an essential element of both of his claims is lacking. Mpala argues that the stipulation to probable cause constituted a waiver of his right to sue the arresting officers, and that it was coerced by means of extortion, and therefore involuntary, unlawfully obtained, "unethical, and unenforceable". [Doc. # 60 at 7] While this argument is creative, it lacks merit. There is no evidence that

7

Mpala was threatened or coerced into offering the stipulation; indeed, his own argument is that he was utterly unaware that the stipulation had been made until years later. His attorney in the criminal matter, acting on his behalf, shows no reluctance in the hearing transcript to enter into the stipulation. See Doc. # 58-2. There is, simply put, no evidence of coercion.

As noted, there is a case currently pending in this District before Judge Alfred V. Covello in which Mpala claims that his arrest by Yale Police in September 2010 for trespassing was also unlawful. See Mpala v. Sires, 3:13CV01226(AVC) ("Sires"). The parties in that case are represented by the same counsel appearing in this case. The defendant in that case moved for summary judgment, relying primarily on the stipulation to probable cause made by Mpala's attorney at the April 6, 2011, criminal hearing -- that is, the same stipulation that is at issue in this case. Judge Covello granted summary judgment in favor of the defendant, finding that the stipulation was valid and binding on Mpala. See Sires, Doc. # 37.

Although the parties have not raised the issue, at first glance it appears that Judge Covello's ruling could have res judicata issue preclusion effect in this case. The question presented is identical, that is, was Attorney Richards' stipulation to probable cause on both files at the April 6, 2011, hearing binding on Mpala. Issue preclusion bars

8

"successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment[.]" New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). However, judgment has not been entered in Sires, and a motion for reconsideration is currently pending. See Sires, Doc. # 40. "The general rule is that issue preclusion attaches only when an issue is actually litigated and determined by a valid and final judgment." Arizona v. California, 530 U.S. 392, 395 (2000). Accordingly, the Court will consider the issues independently of the Sires decision, though the undersigned reaches the same result as did Judge Covello.

At oral argument, counsel for Mpala repeatedly referred to and relied upon two pro se motions, allegedly drafted by Mpala in connection with the criminal case. Counsel argued that these motions demonstrated that Mpala's counsel, Attorney Richards, was acting contrary to Mpala's wishes in entering into the stipulation of probable cause in order to obtain a dismissal with prejudice. At the time of the hearing, neither motion was in the record in the present case, but counsel for the plaintiff represented at oral argument that both had been filed by the plaintiff in Sires. Upon review of the docket in that case, the Court determined that the motions had not in fact been filed; accordingly, the Court ordered the plaintiff to file the motions as an exhibit in this case. [Doc. # 66] The motions were

9

docketed as Exhibits to Motion in Opposition to Summary Judgment. [Doc. # 72]

Counsel for Mpala asserted at oral argument that these exhibits demonstrate Mpala's firm desire to proceed to a jury trial, and reveal that Attorney Richards was not authorized to seek any other result. Counsel confirmed on the record that Mpala personally drafted the motions. Counsel conceded that the record does not reveal any evidence that the motions were ever filed, or any evidence that Attorney Richards was aware of them at the time of the April 6, 2011, hearing. No foundation was laid for the authenticity of the motions. In any event, the motions do not support the plaintiff's claims. In the first motion, Mpala seeks leave to dismiss Attorney Richards and represent himself. The primary basis for this request is described as follows:

> Mpala is electing to represent himself for the following reason: 1) Mpala has reason to believe that the Prosecution will reduce the charges and transfer this case over to a lower court, thereby cheating Mpala out of his right to a jury trial, 2) Mpala therefore requested that Richards file a Motion to Dismiss these charges with prejudice[.] ... If this Motion for Self Representation is granted, Mpala is requesting that the [Court] consider his Motion to Dismiss which is included. <u>Richards has refused to file a Dismiss Motion!</u>

[Doc. # 72 at 1 (emphasis in original)]

The second <u>pro se</u> motion submitted to the Court as an exhibit is entitled "Motion to Dismiss with Prejudice" and

states that Mpala seeks dismissal of the charges against him because "[t]he defendant claims Actual Innocence!" [Doc. # 72 at 2]

These exhibits make it clear that (1) Mpala sought a dismissal of the criminal charges against him with prejudice and (2) he had conveyed that wish to Attorney Richards.

Mpala's own deposition testimony in this matter further supports a finding that a dismissal of the charges, with prejudice, was the outcome he sought. When counsel asked Mpala about the claim in his Complaint that the charges against him were "nolled," Mpala responded: "I didn't get any nolle. I got a dismissal with prejudice. That's what I got. I would have never accepted a nolle on this." [Doc. # 39-4 at 91-92; Doc. # 58-4 at 92] "I thought it was a full dismissal," he continued. "I would have never consented to a nolle on this." [Doc. # 58-4 at 92] These statements reveal that Mpala is fully aware of the difference between a nolle and a dismissal with prejudice, and it was the latter that he wanted, and no less, in the criminal case.

The record also reveals, and plaintiff concedes, that a stipulation to probable cause was a necessary condition to an entry of a dismissal with prejudice. The transcript of the proceeding reveals this exchange among the State's Attorney, the Court, and Attorney Richards:

11

> ATTY. DANIELOWSKI: The State will enter nolles on both files.
>
> THE COURT: All right. Perhaps next time we could arrest him under his correct name if --
>
> ATTY. RICHARDS: Move for dismissals, please, on both files.
>
> ATTY. DANIELOWSKI: No objection with a stipulation of probable cause but he's not here to stipulate.
>
> ATTY. RICHARDS: I can stipulate, can't I?
>
> ATTY. DANIELOWSKI: Go ahead.
>
> THE COURT: You can.
>
> ATTY. RICHARDS: Defense will stipulate to probable cause for the arrest, both files.
>
> THE COURT: Dismissed.

[Doc. # 58-2 at 2-3] Counsel for the plaintiff agreed at oral argument that the stipulation to probable cause was a required "quid pro quo" for the conversion of the nolle to a dismissal with prejudice. In order to obtain the result his client sought -- dismissal with prejudice -- Attorney Richards stipulated on Mpala's behalf to probable cause. That is not extortion; that is bargaining.[2]

---

[2] In support of his "extortion" argument, Mpala cites Town of Newtwon v. Rumery, 480 U.S. 386 (1987), which held that certain "release-dismissal" agreements "may infringe important interests of the criminal defendant and of society as a whole[.]" Id. at 387. A "release-dismissal agreement" is one in which the criminal defendant agrees to release all claims against prosecuting authorities; the stipulation here merely has the effect of making it impossible to pursue claims as to which a lack of probable cause is a required element. Had Mpala brought

Mpala further asserts that he did not agree to stipulate to probable cause for his arrest, and that he did not authorize his attorney to do so on his behalf. [Doc. # 60-1 at 4] The question thus becomes whether Mpala is bound by his attorney's actions.

In general, a party is "deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Link v. Wabash R. Co., 370 U.S. 626, 634 (1962) (internal quotation marks and citation omitted). "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, ... [a]s to many decisions ... the defendant is deemed bound by the acts of his lawyer-agent[.]" New York v. Hill, 528 U.S. 110, 114-15 (2000) (internal quotation marks and citations omitted). Defense counsel may waive certain rights "on behalf of defendant because they concern strategic and tactical matters such as selective introduction of evidence, stipulations, objections, and pre-trial motions." United States v. Plitman, 194 F.3d 59, 63 (2d

---

civil claims not requiring a showing of lack of probable cause, such as excessive force claims, those claims would not have been barred by his stipulation. And in any event, the Supreme Court made clear that "the mere possibility of harm to such interests does not call for a per se rule invalidating all such agreements." Id. at 387. The Supreme Court explained that the benefits of a release-dismissal agreement are obvious, giving the defendant immunity from criminal prosecution in exchange for the abandonment of civil claims that might not prevail. That is exactly the benefit received by Mpala in this bargain.

13

Cir. 1999). "Absent a demonstration of ineffectiveness, counsel's word on such matters is the last." Hill, 528 U.S. at 115. Under Connecticut law, an attorney may waive a client's appearance at a "nolle" proceeding. See State v. Richardson, 969 A.2d 166, 170 (Conn. 2009).

Mpala argues that he should not be bound by his attorney's stipulation. As noted by Judge Garfinkel in his order denying the defendants' motion for judgment on the pleadings, there are some exceptions to the general rule that a client is bound by the actions of his attorney:

> The general rule that a client is bound by the acts and omissions of the attorney may not apply where the attorney is guilty of misconduct, as where the conduct of the attorney is fraudulent; or is gross and inexcusable, as where the attorney acts in bad faith or intentionally neglects the client's business; or where the conduct of counsel is outrageously in violation of either the client's express instructions or the attorney's implicit duty to devote reasonable efforts in representing the client.

7A C.J.S. Attorney & Client § 258 (footnotes omitted). The Second Circuit recently held that where "a party promptly raises a colorable argument that his or her attorney lacked authority to settle or otherwise dismiss his or her claims," a factual dispute arises necessitating an evidentiary hearing. Gomez v. City of New York, -- F.3d --, 2015 WL 6742768, at *5 (2d Cir. Nov. 5, 2015). Here, however, Mpala did not raise any argument in the criminal case at all -- promptly or otherwise -- that his

14

attorney lacked authority to dismiss his claims. See Doc. # 58-8 at 14 (April 21, 2015, deposition of Mpala) (upon being asked if he had "done anything in the criminal court since [he] learned that the charges against [him] were dismissed because" of the probable cause stipulation, Mpala answers "[n]o, because there was nothing that I could do"). Furthermore, the argument that Attorney Richards lacked such authority is not "colorable" in light of the exhibits filed by Mpala and Mpala's sworn testimony that his plan for the case all along was as follows: "I was going to lay all the blame on [Attorney Richards.] That's what I was going to do. I was going to do this in a countersuit like I'm doing now." [Doc. # 58-4 at 15 (March 4, 2014, deposition of Mpala)]

As set forth above, the plaintiff's deposition testimony and the unfiled pro se motions he relied upon at oral argument reveal that the outcome Mpala sought in the criminal matters was a dismissal with prejudice. Attorney Richards took the steps necessary to achieve that outcome, including stipulating to probable cause. Far from acting in violation of his client's express instructions or against his client's interests, Attorney Richards obtained exactly the relief his client sought. There is no evidence that Attorney Richards was guilty of misconduct, fraud, or bad faith. At oral argument, counsel for Mpala was unable to articulate a basis in the evidence for finding that

15

the stipulation entered by Attorney Richards in Mpala's criminal case falls within one of these exceptions.

Furthermore, the entry of a dismissal with prejudice was favorable to Mpala and in accordance with his wishes. Under similar circumstances, the Court has found that a plaintiff such as Mpala may not "now say there was no probable cause when he earlier, to obtain a benefit, agreed that there was." Simonetti, 2006 WL 3098764, at *5.

Thus, the Court finds that the stipulation of probable cause made by Attorney Richards is valid and binding on Mpala, and therefore, Mpala cannot prevail on either of his claims. Summary judgment in favor of the defendants is therefore proper.

C.   **Undisputed Evidence as to Existence of Probable Cause**

As the stipulation to probable cause is valid, proper, and binding upon Mpala, the court need not make a separate finding as to whether probable cause for the arrests exists upon the undisputed facts of this case.[3] Even in the absence of the stipulation, however, there is no genuine issue of material fact as to the presence of probable cause, and summary judgment in favor of the defendants would be appropriate.

---

[3] The Court notes that there is no evidence in the record that the defendants acted "with malice" as required to support the malicious prosecution claim set forth in Count Two. Accordingly, Count Two would be subject to dismissal and/or entry of summary judgment in favor of the defendants on that basis alone, independent of the stipulation to probable cause.

16

Mpala was charged with trespass in the second degree. "A person is guilty of criminal trespass in the second degree when, knowing that such person is not licensed or privileged to do so, [] such person enters or remains in a building[.]" Conn. Gen. Stat. § 53a-108(a)(1). As to this charge, the plaintiff admits that the security guard contacted the police to report a suspicious person on Yale private property; that the guard identified him as that person; that he told the police that he was in the building waiting for the library to open; and that the plaintiff was on Yale private property at the time of his arrest. [Doc. ## 59, 60 at ¶¶ 22, 23, 24, 25, 26, 27, 28, 31, 32][4] Accepting as true the plaintiff's claim in his deposition that he informed the officers that he had an invitation to an event at Yale, that event undisputedly occurred the day before the arrest and, whatever explanation the plaintiff offered the defendants, the police are not required to determine a suspect's guilt or innocence at the time of arrest. Rather, probable cause is a low threshold that can be met by the report of a crime and identification of the suspect by an apparently reliable witness. See, e.g., Oliveira v. Mayer, 23 F.3d 642, 647 (2d Cir. 1994) ("Information about criminal activity provided by a single complainant can establish probable cause when that information

---

[4] The plaintiff admitted nearly all of the defendants' essential factual claims relating to the events of March 6, 2010, in his Rule 56 statement. See Doc. ## 59, 60.

17

is sufficiently reliable and corroborated."). Accordingly, even construing all evidence in favor of the plaintiff, there is no genuine issue of material fact regarding whether the defendants had probable cause to arrest Mpala for trespassing on March 6, 2010.

Mpala was also charged with interfering with an officer. "A person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer" in the performance of his duties. Conn. Gen. Stat. § 53a-167a. The refusal to provide identification to police constitutes interfering, State v. Aloi, 911 A.2d 1086, 1098 (Conn. 2007), as does providing a false name to police, State v. Williams, 956 A.2d 1176, 1189 (Conn. App. 2008). While the question is closer as to this charge, the undisputed evidence also supports a finding of probable cause for the arrest. The undisputed evidence establishes that Mpala presented the officers with three different forms of identification in three different names. [Doc. ## 59, 60 at ¶¶ 29, 42] It is not disputed that none of these forms of identification was in the name of David Gethers, which was the plaintiff's legal name at the time of his arrest, and the plaintiff does not claim he ever provided this name to the officers. The plaintiff was on federal supervised

release[5] at the time of his arrest under the name David Gethers. [Doc. ## 59, 60 at ¶ 19]; see also United States v. David Gethers, 3:97CR00062(RNC) (reflecting the plaintiff's prior conviction under the name David Gethers). The plaintiff's failure to reveal his true name to the officers at the time of his arrest is sufficient, under Connecticut law, to constitute interfering. Accordingly, even construing all evidence in favor of the plaintiff, there is no genuine issue of material fact regarding whether the defendants had probable cause to arrest Mpala for interfering as that statute has been interpreted by the Connecticut courts.

**III. CONCLUSION**

Both counts of the complaint in this case require the plaintiff to show that probable cause for his March 2010 arrests was lacking. The undisputed evidence reveals, however, that Mpala's attorney validly and properly stipulated that probable cause did exist for the arrests, and Mpala is bound by that stipulation. The defendants' burden in seeking summary judgment has been satisfied, as they have been able to "point to an absence of evidence to support an essential element of the [plaintiff's] claim." Goenaga, 51 F.3d at 18. Accordingly, and

---

[5] The papers refer to the plaintiff being on "probation," while the criminal docket reveals that he was in fact under the supervision of the Probation Office during a period of supervised release. The error in terminology is a common one, and not meaningful in this context.

for the reasons set forth herein, the defendants' motion for summary judgment [Doc. # 56] is **GRANTED**.

SO ORDERED at New Haven, Connecticut, this 19th day of November 2015.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE