```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

```
------------------------------x
                              :
ZEWEE MPALA                   :    Civ. No. 3:13CV252(SALM)
                              :
v.                            :
                              :
JOSEPH FUNARO, M. PITONIAK,   :    November 19, 2015
S. KLOTSCHE¹ and E. RAPUANO   :
                              :
------------------------------x
```

**RULING ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

Plaintiff Zewee Mpala brought this civil rights action against defendants Joseph Funaro, Martin Pitoniak and Eric Rapuano alleging violation of his rights under the Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988. The defendants have filed a Motion for Attorney's Fees. [Doc. #70]

Oral argument on defendants' Motion for Summary Judgment was held on October 30, 2015. [Doc. ##56, 66] During the proceeding, counsel for the plaintiff[2] represented that certain materials were attached as exhibits to a memorandum filed by him

---

[1] Plaintiff's motion to dismiss defendant Sergeant Klotsche was granted with prejudice on August 27, 2013. [Doc. #17]
[2] Throughout this ruling, when the Court refers to "counsel for the plaintiff," the Court is referring to Attorney Thomas Lengyel. Prior counsel, Attorneys John Williams and Katrena Engstrom, appear to have been discharged by the plaintiff, but have not moved to withdraw their appearances, for reasons that are not apparent to the Court. Accordingly, they remain counsel of record in this case. The matter at hand relates solely to Attorney Lengyel, however.

1

in a related case. However, while those exhibits were referenced in the filing, they were not in fact attached to it, and did not appear on the docket.[3] The Court therefore entered an order later on October 30, 2015, directing counsel for the plaintiff to file the materials as exhibits in further opposition to the motion for summary judgment immediately. [Doc. #66] No response was received; accordingly, Court staff sent multiple emails to plaintiff's counsel reminding him to file the supplemental exhibits. After no response was received to those emails, the Court issued an Order to Show Cause on November 5, 2015. [Doc. #68] The Court advised counsel in this order that if the exhibits were filed by November 6, 2015, the hearing might be cancelled. Id.

The Court filed a separate Calendar in the docket on November 6, 2015, regarding the Show Cause hearing, which was scheduled for November 9, 2015. [Doc. # 69] On November 9, 2015, the parties appeared at the hearing. Plaintiff's counsel offered an apology to the Court and defendants' counsel for the "oversight." Counsel stated that he did not see the October 30, 2015, order; the email reminders from the Court; the November 5, 2015, Order to Show Cause; or the November 6, 2015, Calendar;

---

[3] Specifically, counsel for the plaintiff represented that copies of two pro se motions, allegedly drafted by the plaintiff and filed in the criminal case underlying this civil action, were submitted in Mpala v. Sires, 3:13CV01226(AVC).

2

until the morning of the hearing. At the Show Cause hearing, Attorney Lengyel offered no further explanation for his failure to file the exhibits or for his failure to respond to the Court's October 30 and November 5 orders.[4] The Court stated at the hearing that the Court would consider a motion for attorney's fees from the defendants for the costs of attending the Show Cause hearing.

Defendants seek an award of attorney's fees against plaintiff for his and his counsel's failure to comply with the Court's Order dated October 30, 2015, [Doc. #66] and corresponding Order to Show Cause dated November 5, 2015. [Doc. #68] Defendants argue that their attorney performed otherwise unnecessary legal services, including preparation for and attendance at the hearing on November 9, 2015, as well as the preparation of the motion and accompanying affidavit seeking fees. The Court agrees.

Rule 16 of the Federal Rules of Civil Procedure provides, in pertinent part:

> [I]f a party or its attorney: fails to obey a scheduling or other pretrial order ... the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified

---

[4] Plaintiff's counsel did not bring the exhibits to the November 9, 2015, hearing but filed the exhibits later that day as previously directed. [Doc. #72]

>or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(1)(C)-(2). "Rule 16 provides a range of possible sanctions running from the 'mildest' sanction of requiring the offending party to compensate the victimized party to the harshest sanctions of all, dismissal or default judgment." Fonar Corp. v. Magnetic Plus, Inc., 175 F.R.D. 53, 56 (S.D.N.Y. 1997) (citation omitted). Plaintiff's counsel has made no showing that his noncompliance with the Court's orders was "substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

>'The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well.'

Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (quoting Fonar Corp., 175 F.R.D. at 56). "The imposition of sanctions pursuant to Rule 16 is committed to this Court's sound discretion." Id. (citing Neufeld v. Neufeld, 172 F.R.D. 115, 118 (S.D.N.Y. 1997)).

Defendants seek reimbursement for one hour of time at the hourly rate of $300. [Doc. #71, Aff. Att. Kevin Shea ¶¶3-5] The sole reason that the hearing was necessary was that counsel for the plaintiff failed to comply with the Court's orders or to respond in any way to the Court's attempts to contact him. The

4

Court finds, pursuant to Rule 16(f) and the Court's inherent authority to set schedules and regulate ligation, that the request for attorney's fees in the amount of $300 is both reasonable and appropriate.

Further, the Court finds the lack of compliance with the Court's orders was due to the conduct of counsel, rather than the plaintiff himself. These costs, therefore, shall be paid by plaintiff's counsel and shall not be passed on to his client. Counsel for the plaintiff will pay defendants' counsel three hundred dollars ($300) in costs and fees. Such payment shall be made within thirty (30) days from this order.

For the reasons stated, defendants' Motion for Attorney Fees **[Doc. #70]** is **GRANTED** in the amount of $300.

SO ORDERED at New Haven, Connecticut, this 19th day of November, 2015.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE