```
                            UNITED STATES DISTRICT COURT
                              DISTRICT OF CONNECTICUT

------------------------------x
                              :
ZEWEE MPALA                   :    Civ. No. 3:13CV00252(SALM)
                              :
v.                            :
                              :
JOSEPH FUNARO, M. PITONIAK,   :    January 6, 2016
S. KLOSTCHE AND E. RAPUANO    :
                              :
------------------------------x
```

**<u>RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. #77]</u>**

The plaintiff, Zewee Mpala ("Mpala"), brought this action against defendants Joseph Funaro, Martin Pitoniak, Eric Rapuano, and Ernest Klostche, asserting claims of malicious prosecution and false arrest. On August 27, 2013, the action against Ernest Klostche was dismissed. [Doc. #17] On November 19, 2015, the Court granted the remaining defendants' motion for summary judgment on all counts. [Doc. #74] The plaintiff now moves for reconsideration of that ruling.

**I.  Procedural History**

Mpala was arrested by the defendants, all officers of the Yale Police Department, in the Yale Law School building on March 6, 2010. [Doc. #57 at 2] Mpala was charged with two offenses under Connecticut law: criminal trespass in the second degree, in violation of Conn. Gen. Stat. § 53a-108, and interfering with an officer, in violation of Conn. Gen. Stat. § 53a-167a. [Complaint ¶10] These charges were heard in Superior Court on

1

April 6, 2011, together with a separate charge of trespassing arising out of Mpala's arrest on Yale property in September 2010.[1] [Doc. #58-2]

At the April 6, 2011, hearing, the State agreed to "enter nolles on both files." [Doc. #58-2, Tr. 2:23-24] Attorney Michael Richards, who was the attorney representing Mpala, moved for the cases to be dismissed with prejudice rather than nolled. Id. 2:27-3:1. The State agreed, on the condition that Mpala stipulate to the presence of probable cause for the arrests. Id. 3:2-4. After some discussion amongst counsel and the Court, all parties agreed that such a stipulation could be entered on Mpala's behalf by his attorney without Mpala's physical presence. Id. 3:5-10. The stipulation was entered, and the cases were dismissed with prejudice. Id.

On February 25, 2013, Mpala filed the instant action alleging causes of action under 42 U.S.C. §§ 1983 and 1988 for malicious prosecution and false arrest. [Doc. #1] Mpala filed a motion to dismiss claims against defendant Klostche on August 25, 2013, which was granted. [Doc. ##16, 17] The defendants filed a Motion for Summary Judgment on May 21, 2015. [Doc. #56] New counsel appeared for Mpala on July 31, 2015, and oral

---

[1] Mpala filed a separate suit in this Court alleging that the September 2010 arrest was unlawful. See Mpala v. Sires, 3:13CV01226(AVC). Summary judgment was granted in favor of the defendant in that matter, and on reconsideration, the Court adhered to that ruling. See id., Doc. #37, Doc. #45.

2

argument on the motion for summary judgment was conducted before the Court on October 30, 2015. [Doc. ##63, 64]

The Court granted the defendants' motion for summary judgment on the ground that the stipulation of probable cause made by Attorney Richards in the state court criminal case is valid and binding on Mpala, and because the absence of probable cause is a necessary element of both a false arrest and a malicious prosecution claim, Mpala could not prevail on either of his claims. [Doc. #74] The Court further noted that even if there had been no stipulation, there is no genuine issue of material fact as to the presence of probable cause, and summary judgment in favor of the defendants would be appropriate on that basis as well.

## II.  Legal Standard

The plaintiff cites Rule 59(e) of the Federal Rules of Civil Procedure, governing motions to amend a judgment, as the basis for his motion.[2] The motion is captioned, however, as a motion for reconsideration, which would be brought under Local Rule 7(c). "Motions for reconsideration under [the District of Connecticut Local Rules] are as a practical matter the same

---

[2] The plaintiff includes a block quotation in his brief which purports to be from Reynolds v. Science Applications, Inc., 12 F. Supp. 15 (S.D.N.Y. 2008). The Court has attempted to find this case on Westlaw by various search methods, and has been unable to do so. That block quotation of unknown origins is the only law cited by the plaintiff in his brief.

3

thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991). Under either rule,

> [t]he standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Palmer v. Sena, 474 F. Supp. 2d 353, 355 (D. Conn. 2007).

Here, the plaintiff offers three bases for his motion to reconsider.[3] First, he argues that there is evidence of malice in the record that would support a finding for the plaintiff on his malicious prosecution claim. This argument appears to respond to a footnote in the Court's summary judgment ruling, in which the Court noted a lack of evidence of malice in the record. [Doc. #74 at 16 n.3] The plaintiff has not pointed to any matters regarding the question of malice that would alter the Court's decision. Indeed, Footnote 9 was not the basis for the Court's

---

[3] In addition to the three arguments identified, the motion argues that the Court should consider a newspaper article, stating that the article will be electronically filed on December 4, 2015. [Doc. #77 at 4-5] No such article was filed and the Court has no reason to believe that any news article would affect its decision in this matter.

4

grant of summary judgment, and nothing about the plaintiff's argument on this point affects the Court's conclusion regarding the binding nature of the state court stipulation or the presence of probable cause for the arrests. Accordingly, the motion for reconsideration on this basis is denied.

The plaintiff's second argument is that he plans to move to amend his complaint to add additional claims. On September 12, 2013, the defendants filed a motion for judgment on the pleadings. [Doc. #18] The Court thereafter directed the plaintiff to file either a response to the motion or an amended complaint on or before October 3, 2013. [Doc. #19] On October 5, 2013, the plaintiff filed an opposition to the motion, but did not elect to file an amended complaint. [Doc. #27] The motion for judgment on the pleadings was denied on October 17, 2013. [Doc. #29] The record reveals no requests by the plaintiff to file an amended complaint at any point. There is no basis to permit an amendment of the complaint at this late date, two years after the deadline. Accordingly, the motion for reconsideration on this basis is denied.

Finally, the plaintiff contends that there is "missing evidence" that is necessary to the Court's decision. Specifically, the plaintiff asserts that the transcripts of the underlying criminal cases are missing. [Doc. #77 at 3] However, the transcript of the proceeding resolving the two cases cited

5

by the plaintiff (N23N-CR-10103044-S and N23N-CR-100109403-S) is in fact attached to the defendants' motion for summary judgment. [Doc. #58-2] The Court quoted directly from the transcript in its ruling on the motion for summary judgment. [Doc. #74 at 12] As such, the plaintiff's claim that the transcript is missing is confusing, at best. The transcript is not missing, and it was considered by the Court in rendering its decision. Accordingly, the motion for reconsideration on this basis is denied.

### III. Conclusion

The Court granted summary judgment in this matter on the grounds that the undisputed evidence established that Mpala's attorney validly and properly stipulated that probable cause did exist for the arrests, and Mpala is bound by that stipulation. The plaintiff's motion for reconsideration does not provide any controlling law or data that was overlooked by the Court in reaching that conclusion. Accordingly, and for the reasons set forth herein, the plaintiff's motion for reconsideration [Doc. #77] is **DENIED.**

SO ORDERED at New Haven, Connecticut, this 6th day of January 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE