MANDATE

16-351-cv
Impala v. Funaro et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of January, two thousand seventeen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                    *Circuit Judges*.[1]

_____

ZEEWEE DAKAR IMPALA,

        *Plaintiff-Appellant*,

      v.                                                                                    16-351-cv

JOSEPH FUNARO, M. PITONIAK, E. RAPUANO,

        *Defendants-Appellees*.[2]

_____

Appearing for Appellant:    Thomas J. Lengyel, Milford, CT.

Appearing for Appellees:    Kevin C. Shea, Clendenen & Shea, LLC (Maura A. Mastrony, *on the brief*), New Haven, CT.

---

[1] Judge José A. Cabranes, a member of the original panel, recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

[2] The Clerk of Court is respectfully directed to amend the official caption as above.

MANDATE ISSUED ON 03/02/2017

Appeal from the United States District Court for the District of Connecticut (Merriam, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant ZeeWee Dakar Impala[3] appeals: (1) the November 19, 2015 ruling of the United States District Court for the District of Connecticut (Merriam, *M.J.*) granting the motion for summary judgment of Defendant-Appellees Joseph Funaro, M. Pitoniak, and E. Rapuano (collectively "Appellees"); and (2) the January 6, 2016 decision of the district court denying Impala's motion for reconsideration of the grant of summary judgment in favor of Appellees. *Mpala v. Funaro*, No. 3:13CV00252, 2016 WL 74391, at *2-*3 (D. Conn. Jan. 6, 2016); *Mpala v. Funaro*, No. 3:13CV00252, 2015 WL 7312427, at *2-*7 (D. Conn. Nov. 19, 2015) (hereinafter "SJ Order"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (internal quotation marks and citation omitted). We will affirm a district court's grant of summary judgment "where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Betances v. Fischer*, 837 F.3d 162, 171 (2d Cir. 2016) (internal quotation marks and citation omitted).

Under Connecticut law, "false arrest[] is the unlawful restraint by one person of the physical liberty of another." *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (internal quotation marks and citations omitted). "[I]n Connecticut, a false arrest claim cannot lie when the challenged arrest was supported by probable cause." *Id.* at 203 (citation omitted).

"In order to prevail on a §1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (internal quotation marks and citation omitted). "To prevail on a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice." *Id.* (internal quotation marks and citation omitted).

The district court's grant of summary judgment for Appellees rested on a determination that Impala could not demonstrate that Appellees lacked probable cause, as is required for false arrest and malicious prosecution claims under Connecticut law, because: (1) Impala's defense counsel's stipulation to the existence of probable cause was binding on Impala; and (2) the

---

[3] The official caption spells Plaintiff-Appellant's last name "Impala." So too does Impala's lawyer. Although the district court and numerous papers in the record spell Plaintiff-Appellant's last name "Mpala," we will defer to the official caption for the spelling of Impala's last name.

2

undisputed facts in the record supported the conclusion that there was probable cause to arrest Impala for both trespass in the second degree and interfering with an officer. SJ Order, 2015 WL 7312427, at *6-*7. On appeal, Impala only challenges the first determination with respect to probable cause—that the stipulation is valid and enforceable. Other than an undeveloped and conclusory statement that was insufficient to preserve the issue for appellate review, *see* Appellant's Br. at 2 ("The Yale Police had no 'probable cause' by which to arrest" Impala), Impala fails to challenge the alternative basis for the district court's rulings—that the undisputed facts in the record indicate that there was probable cause to arrest Impala for both charges. Our independent review of the record confirms that, for essentially the reasons stated by the district court, there was ample probable cause to support Impala's arrest on both charges. Accordingly, we need not address the district court's alternate holding that the stipulation was valid and enforceable. We therefore affirm the district court's grant of Appellees' motion for summary judgment and the district court's denial of Impala's motion for reconsideration. *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012) ("We regard as waived any challenges by [appellant] to adverse decisions that are undiscussed" in the opening brief. (citations omitted)).

Finally, we note the brief filed by attorney Thomas J. Lengyel in this appeal fails to comport with Federal Rule of Appellate Procedure 28(a) as it lacks: (1) a table of contents; (2) a table of authorities; (3) a jurisdictional statement; (4) a statement of issues on appeal; or (5) a single case citation, *see* Fed. R. App. P. 28(a)(2)-(5), (8)—though perhaps the omission of a table authorities is understandable given the complete lack of legal citations in the brief. Lengyel is warned that future briefing of this quality may result in discipline.

We have considered the remainder of Impala's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3