UNITED STATES DISTRICT COURT   DISTRICT OF CONNECTICUT

ZEE WEE J.MPALA,
                Plaintiff
                                                CASE # 3:13cv252(SALM)
vs.

JOSEPH FUNARO,
                                                MARCH 16th 2017
                Defendant

REPLY TO DEFENDANTS OBJECTION TO MOTION FOR SANCTION

Plaintiff appearing Prose, Zee Wee J.Mpala, files pursuant to the following: Jurisdiction: that defs., acted with the specific intent to deprive him of his Constitutional rights to due process and equal protection under the 4th, 5th & 14th amendts., 42 U.S.C. Sect. 1983 & 1985, Perry vs. Stamford 996 F.Supp.2d 74(2014) violations. the Plaintiff also choose to go pursuant to Perry, supra which is 2nd Cir.,law, (Jurisdictionally) like Plaintiff who filed under Bivens vs. 6 Unknown Agents 403 U.S. 388(1971). Carpenter vs. Koskinen pursuant to Bivens vs. 6 Unknown Agents, supra, F.Supp. 3d (2ndCir.2015) In Re Sims 534 F3d 117(2ndCir.2008) and pursuant to Equity & any other favorable laws applicable.

The Defs., claimed that the Plaintiff filed this Complaint & Motion that they Characterized as a R.60(b). This is not true! ( See Plaintiff Reply To Defs., Obj., To Motion To Reopen Judgment "

In the Yale Police Report, the Police stated that the Surveillance Film in Sitesarrest was saved & turned in the N.H.P.D.,.It was recently discovered that the States Atty., Jeff Emons Investigator shredded that film on 4/11/2011,Judge Sequino signed signed to have it disposed of on 4/6/2011. The same day of that that bogus improper Stipulation agreement im Mpala's absence!(See MpalacYearStretaInventory of Property Seized Without A Search Warrant, p.2, Film shredded by Jeff Emons,Investigator State Atty., office on 5/11/2011, attached) David Nevins,of Yale Univ., Security, testified at his depo., that he made an effort to locate Plaintiff request to preserve( See Plaintiff Request For Records &Film Retention Policy dated 29/3/2010. (attached) but to no avail! Plaintiff eemailed Mike Thompson and forwarded copies to Francisco Ortiz, Director or Yale Security & James Perrotti, Police Chief. Plaintiff went over to the Yale Police Station on Ashmun St., and leftecopies of the attached E-mail to Mike Thompson. Plaintiff went back to the Law School and left copies of the E-mail at the desk. Plaintiff also had the Investigator Daniel Rodriguez contact Nick Riley a Yale Law School Student who was present when Mpala was arrested. ( Nick Riley's Statement is attached) The Plaintiff is a member of a Police Watch Dog Group and he & members are Invited to the Law School frequently. (See one of our Invitations attached)& name tag) Despite timely request to preserved in both of these Companion & Identical cases the Film is destroyed.

1)

"Lighten Does Not Strike Twice In The Same Place!" it's said. JRWs failed to claimed the Yale Univ., as a defendant, because they are responsible for the Film! In Crawford vs. New London, the defs., were charged with Spoliation of evidence, because the def., did not keep the original film. However the def., reasonable foreseen a litigation and made a copy. F.Supp.2d(2ndCir.2014) Watch the defs., deny a copy. The Plaintiff is aggrieved that the Court has let them get away with this! This was done with impunity! Let's suppose that the Court had both videos for it's perusal. Let's also suppose that the film showed that the Plaintiff was actually innocent of all the charges. The film showed that the defs., were the Culprits. Then what? It would exonerate & exculpate the Plaintiff! Their would be no need for the 8 other yards. "The determination of an appropriate Sanction for Spoliation, if any, is confined to the sound discretion of the trial judge and assessed on a case by casedbasis." (See Braham vs. Lantz F.Supp.2d (2ndCir.2014)

The defs., had an obligation to preserved.(See Thomas vs.Butkiewicus (2016)violation!

Both JRWs & the defs., are responsible & to blame for this.

Conclusion:

This Court, Mpala vs. Funaro & Mpala vs. Sires Court, should both dismissed these cases with prejudice, in favor of the Plaintiff as soon as possible! The Plaintiff should receivedany other relief applicable!

Zee Wee J. Mpala, Plaintiff Prose
E-mail: el.oveja.negro7650@gmail.com
358 Orange St. Apt.#916
New Haven, Ct. 06511

C E R T I F I C A T I O N

This is to Certify that on the 20th day of March 2017 a true

Copy of the foregoing Motion was hand delivered to the,

                                                 The U.S.District Court
(D-Conn.) Office of the Clerk  141 Church st. New Haven, Ct. 06511

and E-Mailed to Clendenen & Shea,LLC   Kevin C/Shea 400 Orange St. NewHaven,Ct.
    office@clenlaw.com                                                            06510

*Zee Wee J. Mpala* (signature)
Zee Wee J.Mpala,Plaintiff Prose
E-Mail: el.oveja.negro7650@gmail.com
358 Orange St. Apt.#916
New Haven,Ct. 06511

# INVENTORY OF PROPERTY SEIZED WITHOUT A SEARCH WARRANT

JD-CR-18 Rev. 1-07  C.G.S. §§ 21a-262, 26-85, 26-90, 54-36a,g,h, 46b-121 and 53-278c.

POLICE CASE/RECEIPT NO. 2484

### PART A
COURT DOCKET NO.

☐ FOR P.D. USE ONLY
☐ WARRANT APPLIED FOR
☐ TO COURT

☐ Destroy - No Value
☐ Case Pending
☐ Return to Owner
☐ Prisoner's
☐ Juvenile

### PART B
COURT DOCKET NO. CR10-0109403-S

JUVENILE COURT DOCKET NO.

**INSTRUCTIONS**
1. Do not use this form if a search warrant is used.
2. Original must be filed with the Clerk of Court.
3. In the case of an arrest or referral, file with a uniform arrest report or Juvenile Summons/Complaint.
4. Last copy for Police Department use.

ASSET FORFEITURE COURT DOCKET NO.

TO THE SUPERIOR COURT AT (Address of court): ☐ JUVENILE MATTERS  ☒ G.A. No. 23  121 ELM ST.

UNIFORM ARREST REPORT/JUV. SUMMONS NO.

COURT APPEARANCE DATE | ARREST/REFERRAL ☒ MADE ☐ PENDING | POLICE CASE/RECEIPT NO. YPD CN-2484 | COMPANION CASE NO.

NAME, ADDRESS AND TEL. NO. OF DEFENDANT(S)/SUBJECT(S):
1. IMPALA, MPAIA  8/8/54
   136 DIXWELL AVE HAMDEN

NAME, ADDRESS AND TEL. NO. OF COMPLAINANT(S)/OWNER(S):
1. SIRES, P. (ofc.) YPD

TYPE OF INCIDENT: 2603  CRIMINAL TRESPASS  2603

TOWN OF SEIZURE: NEW HAVEN
DATE OF SEIZURE: 9/2/10
TYPE OF PROPERTY: ☐ STOLEN  ☒ EVIDENCE  ☐ LOST/FOUND  ☐ INVESTIGATION

The following property was seized, in connection with a criminal/delinquency case:

1. ONE VIDEO DISK (FOOTAGE OF IMPALA INSIDE BAC)
2.
3.
...
12.

PART A INVENTORY NO.
PART B INVENTORY NO. 027668

TOTAL AMOUNT OF CASH: $

SIGNED (Police Officer): [signature]
TITLE: PTLM
BADGE #: 111
DATE: 9/2/10
DEPARTMENT: YPD

PROPERTY ROOM USE ONLY

EVIDENCE PHOTOGRAPHED: ☐ NO ☐ YES
DATE | REMARKS

DATE OUT | REASON | BY | DATE RETURNED

**INVENTORY OF SEIZED PROPERTY**

## ORDER OF THE COURT

| | ITEM(S) NUMBER | |
|---|---|---|
| **ASSET FORFEITURE** | | The preceding item(s) of property in the foregoing inventory is/are subject to an in rem asset forfeiture proceeding pursuant to C.G.S. § 54-36h. *See attached form.* |
| **RETURN TO OWNER(S)** | ITEM(S) NUMBER ✓ | The preceding item(s) of property in the foregoing inventory is/are hereby ordered returned to the rightful owner(s) within 6 months from the date of this order, upon proper claim therefor, OTHERWISE the property shall be disposed of pursuant to Section 54-86a of the Connecticut General Statutes as follows:<br>☐ money shall be turned over to the Clerk of Court for deposit to the General Fund.<br>☐ turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public auction or private sale and the proceeds remitted to the State and deposited to the General Fund.<br>☒ destroyed.<br>☐ turned over to the following charitable, educational or governmental agency or institution: *(Specify name and address)* |
| **EVIDENTIARY FUNDS AT A FINANCIAL INST.** | | The financial institution holding evidentiary funds seized by the _____ Police Department/law enforcement agency shall issue a check in the amount of _____ dollars payable to _____ |
| **CONTROLLED SUBSTANCE(S)** | ITEM(S) NUMBER | The preceding item(s) of property in the foregoing inventory is/are hereby adjudged to be controlled drug(s), substance(s) or drug paraphernalia and it is hereby ordered that said item(s) be:<br>☐ destroyed (C.G.S. 54-36a; 54-36g). ☐ delivered to the Commissioner of Consumer Protection (C.G.S. 21a-262). |
| **FIREARMS/ CONTRABAND** | ITEM(S) NUMBER<br>(C.G.S. 54-36e) or | The preceding item(s) of property in the foregoing inventory is/are hereby adjudged to be contraband and it is hereby ordered that said item(s) be turned over to the Bureau of Identification of the Connecticut State Police Division for ☐ destruction ☐ appropriate use ☐ disposal by sale at public auction<br>☐ turned over to the Commissioner of Environmental Protection in accordance with C.G.S. §§ 26-85 and 26-90. |
| **NUISANCE, CONTRABAND OR OTHER PROPERTY** | ITEM(S) NUMBER | The preceding item(s) of property in the attached inventory is/are hereby adjudged to be a nuisance, contraband or other property ordered to be forfeited and it is hereby ordered disposed of as follows:<br>☐ money shall be turned over to the Clerk of Court for deposit to the General Fund.<br>☐ turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public auction or private sale and the proceeds remitted to the State and deposited to the General Fund.<br>☐ destroyed.<br>☐ turned over to the following charitable, educational or governmental agency or institution: *(Specify name and address)* |
| **GAMBLING** | ITEM(S) NUMBER | The preceding item(s) of property in the attached inventory is/are hereby adjudged seized, pursuant to Connecticut General Statute 53-278c and said item(s) are hereby ordered to be disposed of as follows:<br>☐ money shall be turned over to the Clerk of Court for deposit to the General Fund.<br>☐ property used in gambling shall be turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public auction or private sale and the proceeds remitted to the State and deposited to the General Fund.<br>☐ destroyed.<br>☐ turned over to the following charitable, educational or governmental agency or institution: *(Specify name and address)* |

| BY ORDER OF THE COURT (Name of Judge) | JUDICIAL DISTRICT, G.A., OR JUVENILE | SIGNED (Judge) | DATE SIGNED |
|---|---|---|---|
| Sequino | 23 | [signature] | 4/6/11 |

### NOTICE OF ORDER OF THE COURT

NOTICE is hereby given of the foregoing Order of the Court. Gen. Stat. 54-36a requires you to comply with the order within 90 days of receipt. If the court has rendered an order returning the seized property to the rightful owner and the owner does not claim the property, you are required to comply within 90 days following the expiration of the six month claim period. A return of compliance to the preceding order must be filed with this court within 72 hours of compliance.

| TO (Name of Police Dept.) | FROM (Name of Court) | SIGNED (Clerk of Court, Authorized Assistant) | DATE SIGNED |
|---|---|---|---|
| Hale PD | 23 | MARISSA TAPPEI | 4/6/11 |

**RETURN OF COMPLIANCE**

The undersigned represents that the person or department having custody or possession of said property has complied with the above Order of the Court by:
☒ 1. turning said property over to:

| (Name of individual) | (Title of individual) | (Date turned over) |
|---|---|---|
| Jeff Emons | Investigator State's Atty | 09/29/10 |

☒ 2. destroying said property in the following manner (C.G.S. 54-36g):

| (Manner of destruction) | (Date Destroyed) | (By Whom) | (Name of Witness) |
|---|---|---|---|
| shreded | 5/11/11 | Inv. [signature] | |

☐ State Tox. Lab notified.   ☐ Turned over to Narc. Control Unit/Dept. of Consumer Protection. (C.G.S. 54-36g)

| NAME OF POLICE DEPT. | SIGNATURE AND TITLE | DATE |
|---|---|---|
| New Haven | [signature] Sergeant | 05/04/13 |

I acknowledge receipt of the item(s) listed below and relieve the above Police Dept. of responsibility for said item(s).

| ITEM NUMBER(S) | SIGNED (Owner/Agent) | RELEASED BY (Print name) | DATE RELEASED |
|---|---|---|---|
| | | | |

J-CR-18 (Rev. 10/07)

Subject: For Good Samaritan Act
From: Oveja Negro (el_oveja_negro@yahoo.com)
To: James.yacona@yale.edu;
Cc: el_oveja_negro@yahoo.com;
Date: Wednesday, April 24, 2013 4:34 PM

24th day 4th Month 2013
To Officer James Yacona of the Yale Police Dept.,.

Officer Yacona, on Sunday afternoon 11/11/2012, I performed the following good Samaritan act:
I turned over to thee a Yale Student's lost Purse containing 2 Credit Cards, a International Photo ID, a Wisconsin Photo Drivers License, a Yale Student Photo ID, a Cell Phone, close to $200.00, and a ring with about 10 keys.

I trying to start a Clean up Campaign. However first I will be applying for a grant. I want to attach your reply confirming this good deed to the application.
                                Zee Wee D.Mpala