```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
ZEWEE MPALA                   :    Civ. No. 3:13CV00252(SALM)
                              :
v.                            :
                              :
JOSEPH FUNARO, M. PITONIAK,   :    April 13, 2017
S. KLOSTCHE AND E. RAPUANO    :
                              :
------------------------------x
```

**RULING ON PENDING MOTIONS [DOC. ##95, 96, 104]**

Pending before the Court are two motions by self-represented plaintiff Zewee Mpala ("plaintiff"), the first to reopen the case and file an amended complaint [Doc. #95], and the second for sanctions against defendants Joseph Funaro, Martin Pitoniak and Eric Rapuano (collectively the "defendants") [Doc. #96]. Defendants have filed timely objections to these motions, [Doc. ##103, 105], to which plaintiff has filed replies [Doc. ##108, 109, 110]. Also pending before the Court is defendants' motion for reconsideration of the Court's order terminating the appearance of plaintiff's former attorney Thomas Lengyel. [Doc. #104]. For the reasons articulated below, the plaintiff's motion for permission to reopen and refile complaint [**Doc. #95**] is **DENIED**; plaintiff's motion for sanctions [**Doc. #96**] is **DENIED, as moot;** and defendants' motion for reconsideration [**Doc. #104**] is **GRANTED**, but upon reconsideration, the Court adheres to its prior order.

1

## I. Background

The plaintiff brought this action against defendants asserting claims of malicious prosecution and false arrest.[1] Plaintiff was arrested by the defendants, all officers of the Yale Police Department, in the Yale Law School building on March 6, 2010. See Doc. #57 at 2. Plaintiff was charged with two offenses under Connecticut law: criminal trespass in the second degree, in violation of Connecticut General Statutes §53a-108, and interfering with an officer, in violation of Connecticut General Statutes §53a-167a. See Doc. #1, Complaint at ¶10. These charges were heard in Connecticut Superior Court on April 6, 2011, together with a separate charge of trespassing arising out of plaintiff's arrest on Yale property in September 2010.[2] See Doc. #58-2.

At the April 6, 2011, hearing, the State agreed to "enter nolles on both files." Doc. #58-2, Tr. 2:23-2. Attorney Michael Richards, who was the attorney representing plaintiff, moved for the cases to be dismissed with prejudice rather than nolled. See id. at Tr. 2:27-3:1. The State agreed, on the condition that

---

[1] Plaintiff also named as a defendant Ernest Klostche. On August 27, 2013, the action against Ernest Klostche was dismissed. [Doc. #17].

[2] Plaintiff filed a separate suit in this Court alleging that the September 2010 arrest was unlawful. See Mpala v. Sires, 3:13CV01226(AVC). Summary judgment was granted in favor of the defendant in that matter, and on reconsideration, the Court adhered to that ruling. See id., Doc. #37, Doc. #45.

plaintiff stipulate to the presence of probable cause for the arrests. See id. at Tr. 3:2-4. After some discussion amongst counsel and the Court, all parties agreed that such a stipulation could be entered on plaintiff's behalf by his attorney without plaintiff's physical presence. See id. Tr. 3:5-10. The stipulation was entered, and the cases were dismissed with prejudice. See id.

On February 25, 2013, plaintiff filed the instant action alleging claims under 42 U.S.C. §§1983 and 1988 for malicious prosecution and false arrest. See generally Doc. #1, Complaint. The defendants filed a Motion for Summary Judgment on May 21, 2015. [Doc. #56]. New counsel, Thomas J. Lengyel, appeared for plaintiff on July 31, 2015, and oral argument on the motion for summary judgment was conducted before the Court on October 30, 2015. [Doc. ##63, 64].

The Court granted the defendants' motion for summary judgment on two grounds. First, the Court found that the stipulation of probable cause made by Attorney Richards in the state court criminal case is valid and binding on plaintiff, and because the absence of probable cause is a necessary element of both a false arrest and a malicious prosecution claim, plaintiff could not prevail on either of his claims. See Doc. #74 at 7-16. Second, the Court found that even if there had been no stipulation, there was no genuine issue of material fact as to

3

the presence of probable cause for both arrests, and summary judgment in favor of the defendants would be appropriate on that basis as well. See id. at 16-19.

On January 31, 2017, by summary order, the Second Circuit Court of Appeals affirmed the undersigned's ruling granting defendants' Motion for Summary Judgment. See Impala v. Funaro, No. 16-351 (2d Cir. Jan. 31, 2017). The mandate issued on March 2, 2017. [Doc. #102].

On February 17, 2017, plaintiff filed a pro se appearance, along with a motion for permission to reopen and refile complaint [Doc. #95] and a motion for sanctions [Doc. #96]. Defendants have timely objected to these motions.[3]

**II. Motion to Reopen [Doc. #95]**

Plaintiff has filed a motion to reopen the judgment entered in this matter and for leave to file an amended complaint on the grounds that (1) defendants and plaintiff's prior attorney John Williams entered into a "tacit Conspiracy to Fraudulent Concealed evidence from the Plaintiff & this Court" (sic) and (2) that Yale, a non-party to this action, failed to preserve the surveillance video of his arrest. Doc. #95 at 1. Defendants generally argue in opposition that plaintiff's claims are

---

[3] The Court will address the background relating to the Motion for Reconsideration in the section addressing that motion. See Section IV, infra.

procedurally barred, and in any event, entirely without merit. See generally Doc. #103 at 22.

The Court construes plaintiff's motion as being made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which establishes the standards by which a Court considers a motion for relief from final judgment.[4] Rule 60(b) "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (internal citations and quotation marks omitted). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. A motion seeking such relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." Id. at 61-62 (internal citations omitted).

---

[4] In reply, plaintiff contends that he is not moving under Rule 60(b), but pursuant to Perry v. Stamford, 996 F. Supp. 2d 74 (D. Conn. 2014). See Doc. #107-1 at 1. Perry is inapplicable as it was decided at the summary judgment stage, not after the entry of judgment. See id. at 76. Plaintiff also states that he is moving pursuant to In re Sims, 534 F.3d 117 (2d Cir. 2008), which plaintiff cites for the proposition that the Court should afford greater leeway to self-represented parties as to the application of procedural rules governing litigation. See Doc. #107-1 at 2. The Court acknowledges these cases. However, these cases do not form a basis pursuant to which plaintiff may now seek relief. Accordingly, the Court construes plaintiff's motion to reopen as having been made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

### A. Rule 60(b)(1)-(3)

In pertinent part, Rule 60(b) provides for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(1)-(3). A motion seeking relief under these subsections must be made "no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1). The filing of an appeal does not toll this one-year limitation. See King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002) (collecting cases). Here, judgment entered in favor of the defendants on November 20, 2015. [Doc. #76]. Plaintiff did not file his motion to reopen until February 17, 2017, well after the one-year time limitation imposed by Rule 60(c)(1). Accordingly, to the extent plaintiff's motion was filed pursuant to Rule 60(b)(1)-(3), it is **DENIED**, as untimely.

### B. Rules 60(b)(6) & 60(d)(3)

Because plaintiff is self-represented, the Court construes his filings to raise the strongest arguments suggested. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("Because Burgos is a pro se litigant, we read his supporting papers

6

liberally, and will interpret them to raise the strongest arguments that they suggest." (citation omitted)). Here, because plaintiff claims the defendants and his prior attorney fraudulently concealed evidence from the Court, and that Yale failed to preserve surveillance video of his arrest, the Court alternatively construes this as a claim made pursuant to Rules 60(b)(6), which permits a Court to provide relief from judgment for "any other reason that justifies relief[,]" Fed. R. Civ. P. 60(b)(6), and Rule 60(d)(3), which permits a Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Notably, motions made pursuant to these subsections are not subject to the one-year time limitation. See King, 287 F.3d at 95 (A "motion to vacate for fraud committed upon the court is not subject to the one year limitation period." (citing Rule 60(b)).

"Fraud upon the court" under this Rule is limited to that "which seriously affects the integrity of the normal process of adjudication. Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." Id. (internal citations and quotation marks omitted). The party alleging fraud upon the court as a basis for relief from judgment must establish such

7

fraud by "clear and convincing evidence." Id. (citation omitted). The "essence of a fraud upon the court[]" is "when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process[.]" McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002).

As to plaintiff's claim that Yale's failure to preserve the surveillance video of his arrest constitutes a fraud upon the Court, plaintiff's motion conclusorily states: "The Plain-Tiff requested the preservation of this evidence prior to the bogus Stipulation and it was destroyed." Doc. #95 at 1 (sic). Plaintiff has failed to present the clear and convincing evidence necessary to establish that the alleged spoliation of the surveillance video constitutes a fraud upon the Court. Indeed, Yale, which presumably had custody and control over the video, is not a party to this action, and thus, the Court cannot reasonably find that "a party [has] lie[d] to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process[.]" Id.

Next, plaintiff conclusorily alleges that his prior attorney, John Williams, and counsel for defendants, Kevin Shea, "had a tacit Conspiracy and fraudulent Concealed evidence from the Court & the plaintiff that the Public Defendant on Record (See the 3/23rd 2011 tr. Attached)[.]" Doc. #95 at 3 (sic).

8

Plaintiff's reply brief sets forth similar conclusory statements. See generally Doc. #107-1 at 1-2. Such speculative, vague and unsupported allegations fail to present the clear and convincing evidence necessary for the Court to find that a fraud has been committed. Further, although the Court did not have the benefit of the March 23, 2011, transcript attached to plaintiff's motion at the time it entered the summary judgment ruling, there are no allegations to suggest that the failure to provide this document to the Court was the result of fraud, by anyone. Simply, the conduct alleged by plaintiff in his motion does not rise to the level of a fraud committed upon the Court.[5]

---

[5] To the extent plaintiff seeks to reopen on the basis of the discovery of new evidence, he must establish, in pertinent part, that he was "justifiably ignorant" of the transcript's existence "despite due diligence." Opals on Ice Lingerie v. BodyLines, Inc., 425 F. Supp. 286, 292 (E.D.N.Y. 2004). There are no allegations to support a finding that plaintiff was ignorant of the March 23, 2011, transcript. Additionally, any such motion brought on the basis of newly discovered evidence would have to be brought pursuant to Rule 60(b)(2), which as stated above, would now be time barred. In that regard, the Court notes that "a party may not circumvent the one-year limit by bringing a motion under a different subsection that should properly be brought under 60(b)(1)-(3)." Wright v. Poole, 81 F. Supp. 3d 280, 290 (S.D.N.Y. 2014). Additionally, to prevail under Rule 60(b)(2), the movant must establish, inter alia, that the evidence is "of such importance that it probably would have changed the outcome[.]" United States v. Int'l Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citation omitted). As will be discussed further below, the presence of the transcript would not have changed that portion of the Court's summary judgment ruling finding that there was probable cause to arrest plaintiff for both charges. See Doc. #76 at 16-19.

Further, plaintiff's motion ignores one of two bases upon which the Court granted summary judgment – that there was undisputed evidence as to the existence of probable cause supporting plaintiff's arrest as to both charges. See Doc. #76 at 16 ("Even in the absence of the stipulation, however, there is no genuine issue of material fact as to the presence of probable cause, and summary judgment in favor of the defendants would be appropriate."). The Second Circuit explicitly affirmed the Court's summary judgment ruling on this basis, and did "not address the district court's alternate holding that the stipulation was valid and enforceable." Doc. #102 at 3. Accordingly, the Court's summary judgment ruling, as affirmed, is unaffected by the presence of the transcript, which related only to the first, alternate basis, for the Court's summary judgment ruling. Accordingly, the issue of the transcript is entirely irrelevant to that portion of the Court's summary judgment ruling that formed the basis for the Appeals Court's affirmance. The Court finds no grounds to reopen this matter under either Rule 60(d)(3) or 60(b)(6). Therefore, plaintiff's motion to reopen [**Doc. #95**] is **DENIED.**

Additionally, because plaintiff has failed to establish grounds which would justify reopening the judgment, plaintiff's request to amend his complaint is also **DENIED**. See Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244

(2d Cir. 1991) ("It has been held that once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." (collecting cases) (internal quotation marks omitted)).

C. **Defendants' Request for a Filing Injunction**

Finally, defendants request that the Court "enter an order precluding plaintiff from filing, without first seeking permission, subsequent pleadings regarding the issues that have been thoroughly adjudicated in this case." Doc. #103 at 21. "A district court has the authority to enjoin a plaintiff who engages in a pattern of vexatious litigation from continuing to do so." In re NASDAQ Mkt.-Makers Antitrust Litig., 187 F.R.D. 124, 131 (S.D.N.Y. 1999) (citing Safir v. United States Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986)). Although defendants point to four other cases in which plaintiff has filed complaints in connection with his use of Connecticut public libraries, the record before the Court is not sufficient to establish that plaintiff is a "vexatious" litigant, or that plaintiff has "abused his litigation opportunities[.]" Id. (quoting In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993)). Here particularly, the Court is unable to discern what further actions plaintiff could take in connection with this matter. Indeed, the Court has the ability to oversee the management of

11

its docket, and in the instance it appears plaintiff is becoming vexatious in this matter, the Court may revisit this issue. However, on the current record, the Court declines to impose a filing injunction as requested by defendants.

**III. Motion for Sanctions [Doc. #96]**

Plaintiff moves under Federal Rule of Civil Procedure 37 for an order imposing sanctions on defendants "as a remedy for the Defs., spoliation of critical evidence for the purpose of depriving Plaintiff of its use." Doc. #96 at 1 (sic). Plaintiff contends that defendants failed to preserve the surveillance video, 911 call, and "Police Radio Comm.," and thus "requests an adverse inference instruction permitting the jury to infer that Certain security surv., footage was destroyed by the Defs[.]" Doc. #96 at 1. Plaintiff also requests that the Court "award him reasonable attorney's fees pursuant to Rule 37(a)(5)(a)." Id. (sic). Defendants object to plaintiff's motion on several grounds, including: (1) imposing sanctions would be inconsistent with the mandate; (2) plaintiff has failed to comply with this District's Local Rule 37; and (3) plaintiff has failed to make a sufficient showing to support a finding of spoliation. See generally Doc. #105.

In light of the Court's denial of plaintiff's motion to reopen and refile complaint, supra, plaintiff's Motion for Sanctions [**Doc. #96**] is **DENIED, as moot.**

12

Plaintiff's motion for sanctions is also procedurally defective as he has failed to comply with this District's Local Rule 37 of Civil Procedure in that plaintiff failed to (1) confer with opposing counsel before filing the motion and (2) file an affidavit certifying that he conferred with opposing counsel in a good faith effort to resolve the dispute. See D. Conn. L. R. Civ. P. 37(a). Although plaintiff is now proceeding as a self-represented party, he must nevertheless abide by the strictures of the Federal and Local Rules of Civil Procedure. See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) ("Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them[.] This is especially true in civil litigation." (internal citations and quotation marks omitted)); Ryder v. Washington Mut. Bank, F.A., 501 F. Supp. 2d 311, 314 (D. Conn. 2007) ("[P]ro se parties are not excused from abiding by the Federal Rules of Civil Procedure." (citation omitted)).

Thus, for the reasons stated, plaintiff's Motion for Sanctions [**Doc. #96**] is **DENIED, as moot.**[6]

---

[6] The Court further notes that although plaintiff seeks sanctions against the individual officer defendants for the alleged spoliation of the surveillance video, none of the defendants is alleged to have maintained custody or control over the video.

**IV. Motion for Reconsideration [Doc. #104]**

On February 21, 2017, plaintiff filed a pro se appearance. [Doc. #94]. On March 2, 2017, the Court ordered that his then-attorneys of record file motions to withdraw if plaintiff intended to proceed as a self-represented party. [Doc. #97]. On March 4, 2017, Attorneys John Williams and Katrena Engstrom moved to withdraw their appearances in this matter, which the Court granted on March 6, 2017. [Doc. ##98, 100]. On March 6, 2017, plaintiff filed a motion to withdraw the appearance of Attorney Thomas J. Lengyel, which the Court granted on March 7, 2017. [Doc. ##99, 101]. On March 9, 2017, defendants filed a motion for reconsideration of the Court's order terminating Attorney Lengyel's appearance. [Doc. #104].

**A. Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l

14

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §4478 at 90).

**B. Discussion**

Defendants present two arguments in support of their motion for reconsideration: (1) that the granting of the motion to withdraw is inconsistent with the spirit of the mandate; and (2) the granting of the motion to withdraw will "delay[] the administration of justice and result[] in further undue prejudice to the defendants." Doc. #104 at 5-6. Defendants seek reconsideration because the Court granted plaintiff's motion to withdraw the appearance of Attorney Lengyel before defendants had an opportunity to object. See id. at 6. The motion for reconsideration [**Doc. #104**] is **GRANTED** to permit the Court to consider defendants' objection, but upon reconsideration, the Court adheres to its prior order.

First, the granting of plaintiff's motion to withdraw does not violate the spirit of the mandate in light of the Court's denial of plaintiff's motion to reopen and motion for sanctions.

Additionally, as noted in the Court's Order, "there is no right to counsel in civil cases." See Doc. #101 (quoting Awolesi v. Shineski, 31 F. Supp. 2d 534, 539 (W.D.N.Y. 2014)). Although defense counsel may prefer to litigate against counsel as opposed to a self-represented party, defense counsel is not

15

entitled to such a preference at this stage of the proceedings. See, e.g., Antonmarchi v. Consol. Edison Co. of N.Y., 678 F. Supp. 2d 235, 239-40 (S.D.N.Y. 2010) (granting plaintiff's motion to discharge counsel and proceed pro se where the motion was made before trial, plaintiff was not seeking "hybrid representation," and where plaintiff was not attempting to proceed on behalf of a corporation or minor). Accordingly, where plaintiff seeks to proceed in his own name, does not seek hybrid representation, and the case is in a post-judgment posture, he "may plead and conduct [his] own cases personally[.]" 28 U.S.C. §1654.

Next, defendants contend that the withdrawal of Attorney Lengyel will delay the administration of justice and will prejudice defendants as they will be forced to respond to "plaintiff's procedurally barred and meritless pro se filings[.]" Doc. #104 at 7. Although the Court appreciates the difficulties that may be encountered in litigating against a self-represented party, defendants' concerns are not entirely justified. The Court closely manages its docket to ensure that all disputes are timely resolved. Additionally, in the event that plaintiff files any further motions, the Court will first review the same and then invite defendants to respond only if the Court believes a response is necessary. This approach should

alleviate the alleged prejudice suffered as a result of plaintiff filing any baseless motions.

Therefore, the Court adheres to its prior order granting plaintiff's motion to withdraw the appearance of Attorney Lengyel. See Doc. #101.

**V. Conclusion**

Accordingly, for the reasons stated, plaintiff's motion for permission to reopen and refile complaint [**Doc. #95**] is **DENIED**; plaintiff's motion for sanctions [**Doc. #96**] is **DENIED, as moot;** and defendants' motion for reconsideration [**Doc. #104**] is **GRANTED,** but on reconsideration the Court adheres to its prior order.

SO ORDERED at New Haven, Connecticut, this 13th day of April 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE